IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| WILLIAM JAMES REESE | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 18, 2012, the Magistrate Judge filed a Recommendation (Doc. # 337) regarding Defendant William James Reese's Motion to Suppress (Doc. # 290). Defendant timely objected. (Doc. # 30.) The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the objection is due to be overruled, the Recommendation adopted, and the motion denied.

**I. BACKGROUND**

The Government alleges Defendant is a participant in a conspiracy to traffic and distribute illegal drugs. Using court-approved Title III intercepts, the Government identified Defendant as an alleged "runner," one who transports illegal drugs and money.

On April 26, 2012 and April 27, 2012, calls intercepted between Defendant and his co-Defendant, Willie Jerome Davis, led law enforcement officers to believe that the two were planning a trip to Atlanta, Georgia to purchase cocaine. The morning

of April 28, 2012, officers intercepted another call between Defendant and Mr. Davis, this time indicating that Defendant had just picked up four kilograms of cocaine and would arrive with them at Mr. Davis's home shortly.[1]  Minutes after the call, video from surveillance camera focused on Mr. Davis's home showed Defendant arrive driving his 2000 silver Dodge Dakota pickup truck.  (Doc. # 316 at 19.)  Officers watched while Defendant exited the truck and Mr. Davis met him in the driveway.  The video showed the men first examining the area under the hood of the truck; next, Defendant moved the truck and backed into the driveway and under the home's carport.  (Doc. # 316 at 19, 28.)  The two men then climbed into the bed of the truck and opened its tool box.  (Doc. # 316 at 20, 28.)  Based on this evidence, investigating officers believed the truck contained a hidden compartment capable of storing kilograms of cocaine.  (Doc. # 316 at 29.)

On May 10, 2012, officers with arrest warrants arrested Defendant, Mr. Davis, and ten other alleged co-conspirators.  In addition to the twelve arrest warrants officers executed that morning, they executed nine search warrants. Officers arrested Defendant between 6:00 and 6:30 a.m. at his Deatsville, Alabama residence, and

---

[1] Testimony at the evidentiary hearing on the motion to suppress revealed that Defendant told Mr. Davis he "made them" give him "another one," making a total of four, but that "they" had "forty something peoples left."  (Doc. # 316 at 16.)  Officer Thomas Reed of the Millbrook Police Department testified that members of this alleged conspiracy used "peoples" to refer to kilograms of cocaine.  (Doc. # 316 at 16–17.)

2

although his truck sat under a carport attached to his home, officers did not seize the truck. (Doc. # 337 at 3.)

About twelve hours later, officers realized they neither had the truck nor a warrant to search it. (Doc. # 316 at 22.) When Defendant's wife said she did not have keys to the truck and would not consent to its search, officers left the area briefly. Though they still lacked a warrant, they returned with a wrecker. (Doc. # 316 at 25.) Officers took possession of the truck approximately fourteen hours after Defendant's arrest and towed it to a Drug Enforcement Agency office in Montgomery, Alabama. Agents conducted an inventory search the next day, and five days later law enforcement discovered a hidden compartment. (Doc. # 316 at 28.)

## II. DISCUSSION

Defendant filed a motion to suppress evidence gained from the seizure and search of Defendant's truck on the grounds that it was conducted without a warrant and therefore violated Defendant's Fourth Amendment[2] rights. The Magistrate Judge concluded that the warrantless search was permissible because of the automobile exception to the warrant requirement. Defendant's objection does not undermine that conclusion, and *de novo* review of the record confirms it.

---

[2] The Fourth Amendment's protection indisputably extends to automobiles. *United States v. Jones* – U.S. —, 132 S. Ct. 945, 949 (2012) ("[A] vehicle is an 'effect' as that term is used in the Amendment.").

3

While the Fourth Amendment generally requires a warrant as a prerequisite to a lawful search, exceptions to that general requirement exist, "one of which is the automobile exception." *United States v. Tamari*, 454 F.3d 1259, 1261 (11th Cir. 2006); *see also Maryland v. Dyson*, 527 U.S. 465, 466 (1999); *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). The automobile exception permits "a warrantless search of a vehicle if (1) the vehicle is readily mobile[3] (i.e., operational); and (2) agents have probable cause to believe the vehicle contains contraband or evidence of a crime." *Tamari*, 454 F.3d at 1261 (citing *Dyson*, 527 U.S. at 466–67).

In his objection, Defendant argues that law enforcement lacked probable cause to believe the truck contained contraband because, under law enforcement's theory of the conspiracy, Defendant and Willie Davis transferred any cocaine he transported from the truck to Mr. Davis's house on April 28, 2012. (Doc. # 344 at 2–3.) But whether law enforcement officers had probable cause to believe the truck contained contraband, they had probable cause to believe it contained evidence of a crime. The totality of the circumstances – the wire intercepts, observations from the pole camera outside Mr. Davis's home, and the agents' knowledge and experience – allowed a reasonable officer to deduce with fair probability that the truck contained a secret compartment. *See Tamari*, 454 F.3d at 1264 (applying the probable cause standard).

---

[3] There is no dispute the truck was mobile.

The presence of a secret compartment would constitute circumstantial evidence of a crime, *cf.* Fed. R. Evid. 401, and probable cause to believe the vehicle contained evidence of a crime supports the application of the automobile exception.

Similarly, it is irrelevant that officers could have, but did not, secure a search warrant before Defendant's arrest or in the hours between his arrest and the truck's seizure. *See Labron*, 518 U.S. at 938–941 (reversing the Pennsylvania Supreme Court's determination that a warrantless search of an automobile violated a defendant's federal constitutional rights because police had time to secure a warrant). The automobile exception imposes no separate exigency requirement. *Dyson*, 527 U.S. at 466. The exception applies so long as probable cause exists, regardless of whether officers had time to obtain a warrant. *Id.* at 466–67. Thus, it applies here.

Finally, Defendant's insistence that the carport where the truck was parked fell within the curtilage of Defendant's home is a non sequitur. Whether it is, Defendant's motion would still be denied because the automobile exception to the warrant requirement applies.

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Defendant's objection (Doc. # 344) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 337) is ADOPTED;

3. Defendant's Motion to Suppress (Doc. # 290) is DENIED.

DONE this 8th day of January, 2013.

                                        /s/ W. Keith Watkins
                               CHIEF UNITED STATES DISTRICT JUDGE