IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| CLIFTON PETTUS | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Clifton Pettus's trial began on February 5, 2013, and ended on February 20, 2013, with a guilty verdicts for each count charged. (Doc. # 528.) Defendant's motion for judgment of acquittal is now before the court (Doc. # 552), as is the Government's response (Doc. # 559). After careful consideration of the arguments of counsel and the relevant law, the motion is due to be denied.

### **I. BACKGROUND**

A thirty-three count indictment charged Defendant and fourteen others with participating in a conspiracy to distribute cocaine in Montgomery, Elmore, and Autauga Counties. Defendant and five of the fourteen proceeded to trial. In addition to the conspiracy count against him, Defendant was charged with two counts of using a communications facility to facilitate the offense. After eight days of evidence and argument, the jury found all six Defendants guilty. The jury used a special verdict form, on which it attributed different drug amounts to different Defendants. The jury found Defendant guilty of one count of conspiring to distribute or to possess with

intent to distribute 500 grams or more of cocaine powder, in violation of 21 U.S.C. § 846, and two counts of using a wireless communication device in furtherance of a conspiracy, in violation of 21 U.S.C. § 843(b).

After the trial, Defendant moved for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29(c).

## II. ANALYSIS

Upon a defendant's motion for judgment of acquittal, the trial court must consider whether there is evidence from which a reasonable juror might fairly conclude guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The court does not ask whether it would vote to convict if it were a member of the jury. *Id.* at 334. Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

**A.   Conspiracy**

Conviction for conspiracy to possess and distribute illegal drugs requires that the government prove, beyond a reasonable doubt, an agreement between the defendant and one or more persons to violate federal laws prohibiting distribution of and possession with intent to distribute illegal drugs. *United States v. Baker*, 432

F.3d 1189, 1232 (11th Cir. 2005). A defendant "need not participate in all the activities forming the larger conspiracy, so long as he is aware of the general scope and purpose of the conspiratorial agreement." *Id.* Mere association with those involved with distributing illegal drugs is insufficient to support a conviction for conspiracy to distribute illegal drugs. But the government offered evidence indicating more than association.

At trial, the government offered proof that Defendant purchased cocaine from Delmond Lemar Bledson on a number of occasions. For example, Bledson testified that on March 25, 2012, he met Defendant at Bledson's mother's house to transfer approximately 120 grams of cocaine. (Exs. 179A, 180A.) The Government introduced a call between Bledson and Defendant from May 6, 2012, where Defendant expressed his concern that Bledson "had forgot about [him]." (Ex. 231A.) Bledson assured Defendant he had not. Instead, he had been busy "running into other little folks." (Ex. 231A.) Then, Bledson told Defendant his supply had come through, after being low for some time. (Ex. 231A.) Defendant responded by saying he needed to get "one of those bastards," which Bledson testified was code for a unit of cocaine. (Ex. 231A.) The next day, Bledson called Defendant to "check on his girl," an inquiry Bledson testified was meant to ensure Defendant was satisfied with the quality of cocaine he received from Bledson.

3

Other witnesses also testified to Defendant's involvement in the conspiracy. Lisa Jackson, Bledson's common law wife, testified that she twice delivered cocaine to Defendant on Bledson's behalf in front of Bledson's mother's house and, at least once, delivered drugs to Willie Walker when Defendant was with Walker. Willie Walker testified that he and Defendant were in business together, distributing cocaine and crack cocaine they bought from Bledson in their neighborhood.

This evidence is sufficient to sustain the conviction. Bledson's testimony and the calls between Bledson and Defendant evince an agreement between Defendant and others to distribute illegal drugs. Moreover, the evidence permits the reasonable conclusion that Defendant was aware of the general scope and purpose of the conspiracy. The conversations and accompanying testimony show Defendant was aware that Bledson was dealing in a high volume of cocaine and supplying multiple individuals. The evidence demonstrates that Defendant had taken action in furtherance of the conspiracy and in cooperation with a number of other members of the conspiracy.

**B.** **Communications Facility**

Conviction for use of a communications facility to facilitate a drug conspiracy requires that the government show that a defendant "knowingly and intentionally used a communications facility to facilitate the commission of a narcotics crime."

4

*United States v. Mertilus*, 111 F.3d 870, 872 (11th Cir. 1997). "To prove facilitation, the government must establish that the telephone communication made the narcotics offense easier or less difficult and, thereby, assisted or aided the crime." *Id.* "A communication that merely checks on the status of sales or the location of the money does not facilitate the offense." *United States v. Woodley*, 484 F. App'x 310, 321 (11th Cir. 2012) (citing *United States v. Rivera*, 775 F.2d 1559, 1562–63 (11th Cir. 1985)). A telephone call which furthers an agreement to buy or sell drugs, however, does facilitate a broader conspiracy. *Id.*

The Government charged Defendant with – and the jury convicted him of – two counts of using a wireless telephone to facilitate a drug conspiracy. Both counts arise from calls made within minutes of each other on March 25, 2012, between Defendant and Bledson. According to Bledson's testimony, the calls' discussion of two "girls" was code for two 62-gram units of powder cocaine. During the first call, the men arranged to meet approximately forty-five minutes later. In the second, Bledson offered to meet Defendant earlier, but Defendant told him later was better. Both conversations furthered the agreement to buy or sell drugs, as both reflect an attempt to arrange an appropriate meeting time. The transcript of the calls and Bledson's testimony accompanying them provide sufficient evidence from which a reasonable juror could find – indeed, twelve did find – that Defendant knowingly used a

5

telephone to further the conspiracy to possess and distribute illegal drugs on both counts.

## III.  CONCLUSION

Accordingly, it is ORDERED that Defendant's motion (Doc. # 552) is DENIED.

DONE this 23rd day of May, 2013.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE